**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIAN EHRMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>WALGREEN CO., an Illinois Corporation,<br><br>        Defendant. | Case No. 11cv07763<br><br>Honorable James B. Zagel |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF IT'S
MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

Bradley J. Andreozzi
Justin O. Kay
**DRINKER BIDDLE & REATH LLP**
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Tel:   (312) 569-1000
Fax:  (312) 569-3000

*Counsel for Defendant Walgreen Co.*

January 26, 2012

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1

SUMMARY OF THE COMPLAINT.......................................................................................... 2

ARGUMENT .................................................................................................................................. 6

I.     PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM UNDER EITHER RULE 8 OR RULE 9(b) ....................................................................... 6

     A.     Plaintiff's Vague And Conclusory Allegations Fail To Satisfy Rule 8 .................. 6

     B.     Plaintiff's Vague And Conclusory Allegations Fail To Satisfy The Particularity Requirements Of Rule 9(b) ............................................................... 7

II.    PLAINTIFF FAILS TO ALLEGE FACTS ESTABLISHING HIS STANDING TO SUE................................................................................................................................. 9

III.   PLAINTIFF FAILS TO STATE A CLAIM UNDER ICFA .......................................... 11

     A.     Plaintiff Has Not Alleged Sufficient Facts To Support An ICFA Claim As To Any Product.................................................................................................... 11

          1.     Plaintiff Has Not Alleged "Actual Damage" Because He Does Not Allege That The Product Did Not Work For Him .................................. 12

          2.     Lack Of Substantiation Does Not State A Cognizable Theory................ 12

          3.     Plaintiff's Conclusory Allegations Of Falsity Are Insufficient To State A Claim ................................................................................................ 14

CONCLUSION............................................................................................................................. 15

**TABLE OF AUTHORITIES**

<u>**Page**</u>

**<u>Cases</u>**

*Ashcroft* v. *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) ................................................................ 6, 7

*BASF Corp.* v. *Old World Trading Co.*, 41 F.3d 1081 (7th Cir. 1994) ......................................... 14

*Bell Atlantic* v. *Twombly*, 550 U.S. 544 (2007) ...................................................................... 6

*Bober* v. *Glaxo Wellcome PLC,* 246 F.3d 934 (7th Cir. 2001) ............................................... 13, 14

*Cooney* v. *Rossiter*, 583 F.3d 967 (7th Cir. 2009) ............................................................... 7

*Cosmetique, Inc.* v. *Valuecheck, Inc.*, 753 F. Supp. 2d 716 (N.D. Ill. 2010) ............................. 8-9

*DeBouse* v. *Bayer*, 235 Ill. 2d 544 (2009) ..................................................................... 10

*Gredell* v. *Wyeth Labs., Inc.*, 367 Ill. App. 3d 287 (1st Dist. 2006) ....................................... *passim*

*In re Michaels Stores Pin Pad Litig.*, 11c3350, 2011 U.S. Dist. LEXIS 135284
    (N.D. Ill Nov. 23, 2011). ....................................................................................... 12

*Lewis* v. *Casey*, 518 U.S. 343 (1996) ......................................................................... 10

*Menominee Indian Tribe* v. *Thompson*, 161 F.3d 449 (7th Cir. 1998) ....................................... 3-4

*Mintz* v. *Mathers Fund, Inc.*, 463 F.2d 495 (7th Cir. 1972) ................................................. 10

*Oliveira* v. *Amoco Oil Co.*, 201 Ill. 2d 134 (2002) .......................................................... 9, 10

*Ong* v. *Sears, Roebuck & Co.*, 388 F. Supp. 2d 871 (N.D. Ill. 2004) ..................................... 10

*Pacific Dunlop Holdings, Inc.* v. *Barosh*, 91c0002, 1991 U.S. Dist. LEXIS 6662
    (N.D. Ill. May 15, 1991) ....................................................................................... 9

*Scott* v. *GlaxoSmithKline Consumer Healthcare, L.P.*, 05cv3004,
    2006 U.S. Dist. LEXIS 18630 (N.D. Ill. Apr. 12, 2006) ................................................. 7, 8

*Steel Co.* v. *Citizens For A Better Env't*, 523 U.S. 83 (1998) ............................................. 9

*United States ex rel. Gross* v. *Aids Research Alliance-Chicago*, 415 F.3d 601 (7th Cir 2005) ..... 8

**<u>United States Constitution</u>**

Article III ............................................................................................................ 9

**TABLE OF AUTHORITIES (continued)**

**Page**

**Statutes**

815 ILCS 505/10a (2011) ............................................................................................... 9, 10, 12

**Rules**

Fed. R. Civ. P. 8 .................................................................................................... *passim*

Fed. R. Civ. P. 9(b) ............................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1

Defendant Walgreen Co. ("Walgreens") submits this memorandum in support of its motion to dismiss the Amended Class Action Complaint ("the Complaint" or "Cmplt.") with prejudice pursuant to Federal Rules of Civil Procedure 8, 9(b) and 12(b)(6).

## PRELIMINARY STATEMENT

The Complaint filed by plaintiff Brian Ehrman ("Plaintiff") challenges the effectiveness of a dietary supplement – glucosamine – that has been on the market for over twenty years. Plaintiff does not appear to be challenging any representation unique to Walgreens' products. Rather his theory appears to be that joint supplements in general – *i.e.*, the ingredients glucosamine and chondroitin, among others – have not been shown to be effective. Plaintiff, however, makes no attempt to explain how or why Walgreens' statements about its products are false, and the Complaint fails to allege the most basic facts required to state a claim.

At the most fundamental level, Plaintiff fails to identify the particular product that he purchased, while acknowledging that Walgreens sells *six* glucosamine products that contain different ingredients and make different packaging statements. It is crucial for Walgreens and the Court to know the particular product Plaintiff purchased and the particular representations—either on the packaging or in other advertising—to which he was exposed. Such fundamental facts must be pled to meet Rule 8's plausibility requirement, Rule 9(b)'s particularity requirement, and also to establish Article III standing, for the law is clear that Plaintiff cannot challenge products he never purchased and representations he never saw.

Moreover, although the Complaint contains a conclusory allegation that the glucosamine products are not "proven to work," Plaintiff has not alleged that the (unidentified) product he purchased was actually ineffective *for him*, and therefore has not alleged "actual damage" resulting from his use of the product, a required element of his sole count—a violation of the

1

Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). To the extent that Plaintiff is alleging "actual damage" based on the theory that he purchased a product with allegedly unsubstantiated statements, Illinois law is clear that a private plaintiff must plead sufficient facts—with the specificity required by Rule 9(b)—showing that the statements are *actually* false and misleading, and cannot shift that burden to the defendant by merely alleging that the statements are "unsubstantiated." Plaintiff has not met this pleading standard.

The Complaint alleges in purely conclusory fashion that "numerous" studies have shown that the products' ingredients do not work as represented. *See, e.g.*, Cmplt. ¶ 17. Yet the Complaint does not identify a single study, let alone describe such key facts as the ingredients or formulas tested, the methodologies used, the outcomes studied, or the conclusions reached by the researchers. If this case were to proceed to trial, Walgreens would show that there is indeed strong scientific support for the claims made for Walgreens' glucosamine products, including studies Plaintiff has elected to ignore. But the suit should not survive beyond the pleading stage because Plaintiff cannot turn vague allegations about unidentified scientific studies and a conclusory assertion that product statements are unsubstantiated into a consumer fraud claim.

## SUMMARY OF THE COMPLAINT

Plaintiff Ehrman is a Cook County resident who claims to have purchased *one* of six different Glucosamine Chondroitin Complex products (each, a "Product" and together, "the Products")[1] at a Chicago-area Walgreens store "on or around April 2011." Cmplt. ¶ 7. Plaintiff alleges that he paid "approximately $20 or more for a bottle of the Product." *Id.* Plaintiff does

---

[1] The Products are Glucosamine Chondroitin Complex Double Strength, Glucosamine Chondroitin Complex Triple Strength, Glucosamine Chondroitin Complex Triple Strength with Vitamin D, Glucosamine Chondroitin MSM Complex, Glucosamine Chondroitin Complex Advanced (Plus 1500mg MSM Per Serving), and Glucosamine Chondroitin Advanced (2 Per Day). *Id.* ¶ 1 n.1

2

not identify which Product he purchased, the precise amount he paid, the actual date of the transaction, or the store where he bought the Product. Plaintiff alleges that he "was exposed to and saw Defendant's representations by reading the label of *one* of Defendant's glucosamine products" at the store (*id.*) (emphasis added), but he does not identify which label or the content of the representations that he allegedly read.

The Products identified in the Complaint are six different dietary supplements which are sold in different amounts at different prices. *Id.* ¶¶ 9, 10. The primary active ingredient in all six Products is glucosamine,[2] but each Product contains different ingredients in different amounts. *Id.* ¶¶ 12-13. The other ingredients Plaintiff identifies in the Complaint are chondroitin sulfate (a complex carbohydrate in connective tissues); hyaluronic acid (a component of synovial fluid in the eyes and joints); methylsulfonylmethane ("MSM") (an organic sulfur compound in fruits, vegetables, tea, and milk), and *Boswellia Seratta* (a gum resin extracted from an herb). *Id.* ¶¶13-16. However, only "*[s]ome* of the Glucosamine Chondroitin Complex products also contain methylsulfonylmethane," and only "*[s]ome* of the Glucosamine Chondroitin Complex products also contain Boswellia Serata." *Id.* ¶¶ 15-16 (emphasis added). Additional ingredients which Plaintiff does not identify in the Complaint, but which appear on the packaging for some of the Products, are ascorbic acid, manganese sulfate, hydrolyzed gelatin, sodium borate, and an Antioxidant Proprietary Extract comprised of Chinese Skullcap and Black Catechu.[3]

---

[2]  Glucosamine is an amino sugar that the body produces and distributes in cartilage and other connective tissue. *Id.* ¶ 12.

[3]  Because the statements on the Product packaging are central to the Complaint (which alleges that Plaintiff was deceived by "the representations made on the packaging" (Cmplt. ¶ 7), quotes *some* of the language, and includes pictures of *some* of the packaging), the Court can consider the actual contents of the packaging in ruling on this motion to dismiss. *Menominee Indian Tribe v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) ("Documents attached to a motion to dismiss are considered part of the pleadings if

(Continued)

3

Taking liberties with the Products' packaging, the Complaint alleges that "[t]hrough uniform nationwide representations made on the packaging of the Products, Defendant states that its Glucosamine Chondroitin Complex products will help rebuild cartilage, lubricate joints and improve joint comfort for all joints in the human body, for adults of all ages and for all manner and stages of joint related ailments." *Id.* ¶ 1. Plaintiff defines these alleged representations as "the 'joint comfort, renewal and rejuvenation' representations." *Id.* In fact, however, the packaging does *not* contain language asserting that the Products are effective "for all manner and stages of joint related ailments," for "all joints in the human body," or "for adults of all ages." On the contrary, the packaging states that "This product is not intended to diagnose, treat, cure, or prevent any disease." *See* Exs. A-F. The term "rejuvenation" also does not appear on the packaging. *Id.*

Because the Products contain different ingredients in different amounts, the statements on the packaging are not the same. For example, Glucosamine Chondroitin Complex Advanced (Plus 1500mg MSM Per Serving) and Glucosamine Chondroitin Advanced (2 Per Day) also contain an Antioxidant Proprietary Extract comprised of Chinese Skullcap and Black Catechu. *See* Exs. E & F. No other Product contains these ingredients. *See* Exs. A-D. Glucosamine Chondroitin Complex Advanced (Plus 1500mg MSM Per Serving) and Glucosamine Chondroitin Advanced (2 Per Day) also state that Hyaluronic Acid is "[a] key tissue and joint component." *See* Exs. E & F. No other product includes this statement. *See* Exs. A-D.

---

(Continued)

they are referred to in the plaintiff's complaint and are central to his claim."). Color copies of the Products' packaging are submitted as Exhibits A-F.

4

Plaintiff alleges that he was deceived into purchasing the (unidentified) Product because he believed that the Product was "proven to be and was effective for the representations made on the packaging." Cmplt. ¶ 7. None of the Products' packaging, however, contains any representation that the Products are "proven" to work, nor did Walgreens claim to have any particular type of scientific or clinical evidence for the Products' efficacy (although it does have such evidence). Moreover, Plaintiff does not allege that the Product he purchased did not work *for him*. If the Product *had* failed to work for him, Plaintiff could simply have obtained a refund pursuant to the Walgreens "100% Satisfaction Guaranteed . . . or Your Money Back" promise that is prominently displayed on the packaging for all the Products (but not mentioned in the Complaint). *See* Exs. A-F. Plaintiff does not allege that he sought to avail himself of that satisfaction guarantee, presumably for the same reason that he does not allege that the Product did not work for him. Rather, he cryptically alleges that the Product was not "*proven*" to work, and therefore "could not" work. Cmplt. ¶ 7 (emphasis added).

Plaintiff claims the Product was not proven to work and could not work because "numerous clinical cause and effect studies" have shown that the Products do not work either to rebuild cartilage, lubricate joints or improve joint comfort. *Id.* ¶¶ 12-18. Nowhere in the Complaint, however, does Plaintiff identify a single study, let alone describe the ingredients or formulas tested, the outcomes studied, the methodologies used, or the actual conclusions reached by the researchers.

Based on the foregoing, Plaintiff asserts a claim under ICFA on behalf of himself and a putative nationwide class (or, alternatively, a multi-state class of states with Consumer Fraud Laws similar to that of Illinois, or an Illinois-only class) of consumers who purchased *any* of the Products during the applicable (but unspecified) limitations periods. Cmplt. ¶¶ 26-28 & n.6.

5

**ARGUMENT**

I. **PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM UNDER EITHER RULE 8 OR RULE 9(b).**

Plaintiff's Complaint is fundamentally defective because it fails to meet the threshold pleading requirements of both Rule 8 and Rule 9(b). While Rule 8 requires only a "short and plain statement of the claim," Plaintiff has failed to meet this most basic requirement by filing a complaint comprised entirely of unadorned, conclusory assertions unsupported by facts. This failure is all the more stark when the Complaint is evaluated against Rule 9(b)'s stringent requirement that "the circumstances constituting fraud" be pled with "particularity."

    A. **Plaintiff's Vague And Conclusory Allegations Fail To Satisfy Rule 8.**

Under Rule 8, a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). This standard requires a plaintiff to plead "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added). That is, a complaint must contain sufficient factual allegations to "show that the pleader is entitled to relief," lest a plaintiff "with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Bell Atlantic v. Twombly*, 550 U.S. 544, 557-58 (2007) (alteration and internal quotations omitted). What will *not* suffice are "unadorned, the defendant-unlawfully-harmed-me accusation[s]," "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations omitted).

The core of Plaintiff's claim is that the representations on the Products are deceptive because "[n]umerous clinical cause and effect studies have shown that the ingredients in the

6

[Products] do not work as represented," and that "Defendant does not have competent and reliable scientific evidence to support its representations." Cmplt. ¶ 1. These allegations are the basis of both his affirmative misrepresentation and his non-disclosure allegations. Cmplt. ¶¶ 18, 19, 21. Nowhere in the Complaint, however, does Plaintiff ever plead a single fact to support these bald assertions. He does not, for example, identify even one scientific study; specify the ingredients or formulas tested; describe the design, purpose, or methodology of any study; or describe the findings and conclusions actually reached by any researchers. These conclusory allegations are precisely the "unadorned, the defendant-unlawfully-harmed-me accusation[s]," "labels and conclusions," and "naked assertions devoid of further factual enhancement" that will not satisfy Rule 8, let alone Rule 9(b). *Iqbal*, 129 S. Ct. at 1949 (internal quotations omitted). Here, the Complaint is "bereft of any suggestion, beyond a bare conclusion," that the claims made for the Products are unsupported (let alone fraudulent), and consequently the Complaint fails to satisfy Rule 8. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

### B. Plaintiff's Vague And Conclusory Allegations Fail To Satisfy The Particularity Requirements Of Rule 9(b).

Not only does the Complaint flunk the basic requirements of Rule 8, it also fails to state sufficient facts to satisfy the heightened requirements of Rule 9(b). "A claim under the ICFA is a fraud claim that must be pled with particularity under Fed. R. Civ. P. 9(b)." *Scott v. GlaxoSmithKline Consumer Healthcare, L.P.*, 05cv3004, 2006 U.S. Dist. LEXIS 18630, at *11 (N.D. Ill. Apr. 12, 2006) (Zagel, J.). As such, a plaintiff must plead "all the circumstances of the fraud in detail," including "the who, what, when, where, and how: the first paragraph of any newspaper story." *Id.* The purpose is to "force the plaintiff to do more than the usual investigation before filing his complaint" to ensure that the claim is "responsible and supported, rather than defamatory and extortionate." *Id.* at *12 (internal quotations omitted). Rather than

7

allege "the circumstances of the fraud in detail," the Complaint offers plenty of broad-brush opinions and conclusions, but omits the most basic facts, such as which Product Plaintiff purchased, which statements he read, how and why those statements were fraudulent, or even whether the Product provided relief to him.

Rather than identify which Product he purchased or which statements he read, Plaintiff summarizes *some* of the statements which appear on the packaging for *some* of the Products, adds other statements that were never contained on the packaging for any Product, dubs this stew the "joint comfort, renewal, and rejuvenation representations," and ascribes the same representations to all Products as if the ingredients and statements were identical.

Not only does Plaintiff allege that the Product packaging includes language it indisputably does not (none of the packaging states that the Products are effective "for all manner and stages of joint related ailments," for "all joints in the human body," or "for adults of all ages" (*see supra* at p. 4)), but it cannot be determined from the Complaint whether other statements, such as that the antioxidant extract in the two Glucosamine Chondroitin Complex Advanced products provides "free radical protection," (*see* Exs.E & F) constitute part of Plaintiff's self-styled "joint comfort, renewal, and rejuvenation representations." A plaintiff's failure to specify which representations he saw is the most fundamental violation of Rule 9(b), and this failure is fatal to the Complaint. *United States ex rel. Gross v. Aids Research Alliance-Chicago*, 415 F.3d 601, 604-05 (7th Cir. 2005) (affirming dismissal under Rule 9(b) for failure to specify the "nature or content" of the allegedly false statements contained in "various 'forms, written reports, and study results'"); *Cosmetique, Inc. v. Valuecheck, Inc.*, 753 F. Supp. 2d 716, 721 (N.D. Ill. 2010) ("Rule 9(b) does not require plaintiffs to give some *examples* of fraud to

8

give the defendant a *flavor* of what the case is about. Rule 9(b) requires a plaintiff to *specifically identify the alleged fraudulent or deceptive statements . . . .*") (emphasis added).

Furthermore, Plaintiff has failed adequately to plead *why* the statements on the Products' packaging are false or misleading. As noted above, Plaintiff does not discuss—or even identify—any of the allegedly "numerous" studies he contends exist, or plead how or why they refute the statements on the Products' packaging. Instead Plaintiff simply makes the naked assertion that they do, which is no different than pleading that the statements are misleading because they are untrue, which plainly would be insufficient to satisfy Rule 9(b). *Pacific Dunlop Holdings, Inc. v. Barosh*, 91c0002, 1991 U.S. Dist. LEXIS 6662, at *5 (N.D. Ill. May 15, 1991) (Zagel, J.) ("To suggest that words are false merely begs the question, How are they false? This leads us to the point of Rule 9(b), which is to require the plaintiffs to state how the words are false or misleading . . . ."). Pleading a fraud claim is not a game of hide and seek, and neither the Court nor Walgreens should be forced to speculate about the most fundamental circumstances of the alleged fraud, such as the Product Plaintiff purchased; the statements he saw; and, most importantly, the basis for his contention that those statements were false.

## II. PLAINTIFF FAILS TO ALLEGE FACTS ESTABLISHING HIS STANDING TO SUE.

Article III of the U.S. Constitution limits federal jurisdiction to cases and controversies in which the plaintiff has standing, and the "irreducible constitutional minimum of standing" consists of: (1) a concrete and actual or imminent injury-in-fact, (2) that is "fairly traceable" to the challenged conduct, and (3) a likelihood that the requested relief will redress the alleged injury. *Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 102-03 (1998) (citations omitted). In addition, ICFA contains its own standing requirement: The plaintiff must show an injury that was caused by the challenged practice. 815 ILCS 505/10a ("Any person who suffers actual

9

damages as a result of a violation of this Act committed by another person may bring an action against such person."); *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 140 (2002) (plaintiff under ICFA must "demonstrate that the fraud complained of proximately caused" actual damages).

Where a plaintiff does not allege that he purchased the product or saw the alleged misrepresentations, ICFA does not afford the plaintiff standing to pursue a claim for deceptive advertising. *See, e.g.,* 815 ILCS 505/10a(a) (2011); *Gredell v. Wyeth Labs., Inc.*, 367 Ill. App. 3d 287, 290 (1st Dist. 2006) (rejecting plaintiff's claim for deceptive advertising where he did not allege that he ever saw the advertisements for defendant's products); *DeBouse v. Bayer*, 235 Ill. 2d 544, 554 (2009); *Oliveira*, 201 Ill. 2d at 154-55.[4] And just because other members of the proposed class may have standing does not entitle a named plaintiff to sue on their behalf: "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they *personally* have been injured, not that injury has been suffered by other, unidentified members of the class . . . .'" *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (emphasis added); *see also Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 499 (7th Cir. 1972) ("What [a plaintiff] may not achieve himself, he may not accomplish as a representative of a class."); *Ong*, 388 F. Supp. 2d at 891.

Plaintiff challenges six distinct Products with different ingredients and different representations, but *concedes* in the Complaint that he only purchased one (which one, he does

---

[4] Shareholder cases like *Ong v. Sears, Roebuck & Co.*, 388 F. Supp. 2d 871 (N.D. Ill. 2004) are likewise instructive. In *Ong*, plaintiffs claimed that Sears had engaged in deceptive advertising to entice individuals to purchase stock during three public stock offerings. *Id.* at 890-91. Plaintiffs only purchased stock during one of the offerings. *Id.* The Court held that plaintiffs lacked standing to sue individually or as representatives of a putative class for claims regarding the two stock offerings in which they did not participate. *Id.* at 891-92. The Court found that "[t]he fact that they have filed a class action lawsuit that includes putative class members who did purchase the relevant securities does not confer the necessary standing in this case because none of those putative class members is a named plaintiff." *Id.* at 892 (citing references omitted).

10

not say) and reviewed the packaging for only that (unidentified) Product. Cmplt. ¶ 7. Because Plaintiff does not have standing to pursue claims in connection with a product he never purchased and representations he never saw, and because he has failed to allege which Product he purchased and which representations he saw, the Complaint should be dismissed.

### III.    PLAINTIFF FAILS TO STATE A CLAIM UNDER ICFA.

The Complaint contains a single count—violation of ICFA—which requires Plaintiff to plead (1) a deceptive act by Walgreens, (2) Walgreens' intent that the Plaintiff rely on that deceptive act, (3) that the deceptive act occurred in trade or commerce, and (4) that he suffered "actual damage" (5) proximately caused by the deceptive act. *Gredell*, 367 Ill. App. 3d at 290. The Complaint fails to allege adequately any of these elements, except that the alleged deception occurred in trade or commerce.

#### A.    Plaintiff Has Not Alleged Sufficient Facts To Support An ICFA Claim As To Any Product.

To state a claim for false advertising or marketing under ICFA, a plaintiff must plead facts that show that the representations are actually deceptive and that this deception proximately caused the plaintiff actual injury. *Id.* at 290-91. A plaintiff cannot shift the burden to the defendant by merely demanding substantiation for representations, but must affirmatively plead and establish the falsity of the representations about which he complains. *Id.*

As explained below, the Complaint fails to state any claim because (1) Plaintiff has not alleged that the Product at issue (whichever Product *is* at issue) was not effective for him; (2) Plaintiff's attempt to allege an injury resulting from a lack of substantiation does not state a cognizable claim under Illinois law; and (3) Plaintiff's conclusory allegation that unspecified "clinical studies" purportedly show that joint supplements are ineffective is insufficient under Rule 9(b) or even Rule 8, and therefore cannot satisfy Plaintiff's obligation to state a claim.

11

### 1. Plaintiff Has Not Alleged "Actual Damage" Because He Does Not Allege That The Product Did Not Work For Him.

To sustain a cause of action under ICFA, a plaintiff must show that he suffered actual damage caused by defendant. 815 ILCS 505/10a(a) (2011). The court dealt squarely with this "actual damage" requirement in *Gredell*. There, the plaintiff alleged that the defendants had falsely represented the effectiveness of certain expectorant products without valid scientific evidence. 367 Ill. App. 3d at 290-91. However, "Plaintiff believed the drugs were effective and never complained to anyone that the drugs did not work." *Id.* As the court recognized in finding that he had not proved the damages element of an ICFA claim, "if plaintiff got relief from taking the [products at issue], what is his damage?" *Id.* Plaintiff has *not* asserted that whichever Product he bought did not work for him. Accordingly, he has not alleged any "actual damage."

Moreover, "actual damages" necessary to sustain a private right of action under ICFA means an economic loss. *See In re Michaels Stores Pin Pad Litig.*, 11c3350, 2011 U.S. Dist. LEXIS 135284, at *16 (N.D. Ill. Nov. 23, 2011) (Plaintiff "must allege a purely economic injury, measurable by the plaintiff's loss."). The only economic loss alleged is the purchase price of the Product. Yet, if Plaintiff was dissatisfied with the Product (which he does not allege), he was entitled to a full refund under the Walgreens satisfaction guarantee. *See supra* at p. 5. Accordingly, the purchase price cannot constitute "actual damages" capable of sustaining an ICFA claim, and the claimed loss of the purchase price was not "as a result of" any act of Walgreens, but rather Plaintiff's own failure to seek a refund.

### 2. Lack Of Substantiation Does Not State A Cognizable Theory.

Rather than alleging that the Product was ineffective for him, Plaintiff instead alleges that the marketing was deceptive because it was not based on "competent and reliable scientific evidence," (s*ee, e.g.*, Cmplt. ¶ 1) and therefore, the purchase of the Product—in and of itself—

12

caused actual damage. *Id.* ¶ 7. The Complaint is replete with allegations that Walgreens' marketing of the Products is deceptive because Walgreens supposedly lacks substantiation for the statements on the Products' packaging. *See, e.g.*, Cmplt. ¶¶ 12-18. But "lack of substantiation" is not a cognizable legal theory on the facts that Plaintiff has alleged in the Complaint.

The decision in *Gredell* is, again, instructive. The plaintiff there—like here—did not claim that the product was ineffective, but rather alleged that the product representations were not supported by scientific evidence. 367 Ill. App. 3d at 290-91. The representations at issue were that the products were "effective expectorant[s]" and "effective sore throat anesthetic[s]." *Id.* at 289. The plaintiff alleged both that the affirmative representations were false and that the defendant had failed to disclose facts related to the substantiation for the product claims. *Id.* The court rejected the plaintiff's "lack of substantiation" theory, holding that "[l]ack of substantiation is deceptive only when the claim at issue implies that there is substantiation for [the] claim." *Id.* at 291. Importantly, the court held that "*merely because a fact is unsupported by clinical tests does not make it untrue.*" *Id.* (emphasis added). Because the product representations did not express or imply that clinical tests supported the claims of effectiveness, the court held that plaintiff could not state a claim under ICFA—either based on misrepresentations or omissions—by alleging lack of substantiation. *Id.*

Similarly, in *Bober v. Glaxo Wellcome PLC*, the plaintiff asserted false advertising claims under ICFA, alleging that there was no substantiation for the representation that Zantac 150 was more effective than the less-expensive Zantac 75. 246 F.3d 934, 939 n.2 (7th Cir. 2001). The Seventh Circuit ruled that such allegations did not plead a cognizable legal theory, because "lack of substantiation is only deceptive when the comparative claim at issue implies that there is

13

…

substantiation for the claim made," *id.* (citing *BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1088-91 (7th Cir. 1994)), and "[h]ere, the statements do not imply that there is substantiation for a claim about the relative effectiveness of Zantac 75 and Zantac 150."

In *BASF Corp.*, the court made clear that, for statements that do not reference tests or surveys (what the court called "non-establishment claims"), "proof that the advertiser has no support for its statement would not necessarily prove falsity." 41 F.3d at 1090. "General . . . claims can only be proven false by *affirmative evidence* of falsity." *Id.* (emphasis added). In other words, if the challenged statement is "this product works," without reference to tests or surveys providing scientific support, the statement can be proven false only by affirmative evidence that the product does not work. *Id.* at 1091. The statements about which Plaintiff complains are "non-establishment claims" in the nature of "this product works." *Compare id.* ("Vicks cough syrup starts to work the instant you swallow"), *with* Cmplt. ¶ 16 (*Boswellia Serrata* "may help with knee comfort"). Plaintiff can therefore only establish a violation of ICFA by presenting affirmative evidence that the Product did not provide the stated benefits. *BASF Corp.*, 41 F.3d at 1091. Here, Plaintiff does not make any proper allegations of actual falsity, and his claims therefore fail as a matter of law. *Bober*, 246 F.3d at 939 n.2; *BASF Corp.*, 41 F.3d at 1088-91; *Gredell*, 367 Ill. App. 3d at 290-91.

### 3. Plaintiff's Conclusory Allegations Of Falsity Are Insufficient To State A Claim.

Finally, Plaintiff cannot save the Complaint by pairing conclusory allegations of a lack of substantiation with the equally vague and conclusory assertion that "numerous clinical cause and effect studies" have shown that the ingredients in the Products do not work as stated by Walgreens, and in particular they do not "rebuild cartilage," "lubricate joints," or "improve joint comfort." *See, e.g.,* Cmplt. ¶¶ 1, 7, 11-18, 22. As noted above, Plaintiff fails to provide any

14

facts whatsoever about the unspecified "clinical cause and effect studies" that the Complaint is supposedly referencing, and consequently fails to satisfy Rule 8, much less Rule 9(b).

Plaintiff's reference to unspecified "clinical cause and effect studies," without providing any facts identifying the studies or explaining what was studied and what conclusions the researchers reached, fails to provide the level of specificity required by Rule 9(b), let alone establish the factual plausibility required by Rule 8. Walgreens cannot possibly respond to these allegations because it does not know to which studies (if they exist) Plaintiff is referring.

The Complaint's conclusory allegations are substantively no different from what was rejected in *Gredell* and *Bober*—allegations that the representations are not substantiated. Plaintiff does not allege that there are any clinical studies specific to the Walgreens Products; rather, he has only generally alleged that there have been unspecified studies relating to *ingredients* that are in the Products. Without further information about what was studied and found, there is no way for the Court to consider what inferences those unspecified studies would support, including how those studies can be applied to the specific formulations in the Products and whether those studies show that the representations on the Products' labeling are *actually false and misleading*, as opposed to there simply being a lack of complete scientific agreement or a question of the level of substantiation or confirmation. Thus, the conclusory allegations in the Complaint do not state anything beyond a "lack of substantiation" theory, and are insufficient to state a claim.

## CONCLUSION

For all of the foregoing reasons, the Amended Class Action Complaint should be dismissed with prejudice in its entirety.

15

| | |
|---|---|
| Dated: January 26, 2012 | Respectfully submitted,<br><br>/s/ Bradley J. Andreozzi<br>Bradley J. Andreozzi (ARDC No. 6257334)<br>bradley.andreozzi@dbr.com<br>Justin O. Kay (ARDC No. 6286557)<br>justin.kay@dbr.com<br>**DRINKER BIDDLE & REATH LLP**<br>191 North Wacker Drive, Suite 3700<br>Chicago, IL 60606-1698<br>Tel:  (312) 569-1000<br>Fax:  (312) 569-3000<br><br>*Counsel for Defendant Walgreen Co.* |